FILED
NOV - 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

NAIBEYE KOUMBARIA  
5125 8TH Street, NW  
Washington, DC 20011  

    Plaintiff,

v.

UNITED STATES OF AMERICA  
UNITED STATES PARK POLICE  
DEPARTMENT OF THE INTERIOR  
Serve:  
Attorney General of the United States  
950 Pennsylvania Avenue, NW  
Washington, DC 20530-1000  

    and

OFFICER JOHN DOE  
In his individual capacity and official capacity as an  
employee of the United States Park Police  
950 Pennsylvania Avenue, NW  
Washington, DC 20530-1000  

    and

DISTRICT OF COLUMBIA DEPARTMENT OF  
CORRECTIONS  
1923 Vermont Avenue, NW  
Washington, DC 20004  

    and

DISTRICT OF COLUMBIA  
A Municipal Corporation  
1350 Pennsylvania Avenue, NW  
Washington, DC 20004  
Serve:  
  Robert Spagnoletti, Esq.  
  District of Columbia Attorney General  
  441 Fourth Street, NW  

CASE NUMBER  1:06CV01901  
JUDGE: John D. Bates  
DECK TYPE: Civil Rights (non-employment)  
DATE STAMP: 11/07/2006  

JURY ACTION

Case No.

1

| | |
|---|---|
| Washington, DC 20001 | * |
| | * |
| and | * |
| | * |
| Mayor Anthony Williams | * |
| Mayor of the District of Columbia | * |
| Office of the Secretary | * |
| 1350 Pennsylvania Avenue, NW | * |
| 2nd Floor | * |
| Washington, DC 20004 | * |
| | * |
| Defendants. | * |

## COMPLAINT

Plaintiff Naibeye Koumbaria, by and through counsel, Donna Beasley, files this Complaint against the above captioned Defendants for monetary damages based on false imprisonment, negligence, gross negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and violations of civil rights guaranteed by the Constitution of the United States.

## JURISDICTION

1. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. 1331, 1343, 1361 and 42 U.S.C. 1983, and on the pendent jurisdiction of the Court to entertain claims arising under state law.

## PARTIES

2. The Plaintiff, Naibeye Koumbaria, is a natural adult person residing in the District of Columbia and the allegations complained of herein all occurred within the District of Columbia. Defendant has complied with the provisions of Title 12, Section 309 of the District of Columbia Code and its requirement to provide notice to the District of Columbia prior to filing a claim.

3. Defendant United States Park Police is a part of the Department of the Interior of Defendant United States of America.

4. Defendant Officer John Doe is a federal law enforcement officer employed by Defendant United States of America in the United States Park Police for the Department of Interior. Defendant Officer John Doe, as a police officer is empowered by law to make arrests for violations of certain city laws in the District of Columbia and for violation of federal law.

5. In doing the acts alleged in this complaint, Defendant Officer John Doe was acting within the course and scope of his employment and acting on behalf of Defendant United States of America, in his capacity as a police officer for the United States Park Police, under the Department of the Interior.

6. Defendant District of Columbia is a person subject to liability under 42 U.S.C. 1984.

7. Defendant District of Columbia Department of Corrections is an agency of Defendant District of Columbia.

## STATEMENT OF FACTS

8. On or about November 8, 2005, Defendant Officer John Doe, an officer employed by Defendant United States Park Police, conducted a traffic stop on Plaintiff.

9. Plaintiff provided Defendant Doe his drivers license and Defendant Doe ran a WALES check.

10. The WALES check revealed that there was an outstanding warrant for Naibeye *Kounbaru*.

11. Upon information and belief, the WALES check also revealed that the address, date of birth, social security number and other identifying information did not match those of

Plaintiff.

12. Plaintiff advised Defendant Doe that he was not the same person who had the warrant as indicated in the WALES check.

13. Despite the conflicting identification information, Plaintiff was arrested and taken to a U.S. Park Police station in Rock Creek Park in Washington, DC.

14. At the station, it was further determined that Plaintiff was not the same person as reflected in the WALES check.

15. Upon information and belief, it was also discovered at the police station that the Plaintiff did not match the arrest photo of the person who had the warrant nor did Plaintiff's fingerprints match those of the person who had the warrant.

16. Despite confirming that the wrong person had been arrested, Defendant United States Park police continued to hold Plaintiff and process him as the person who had the warrant.

17. Plaintiff was then sent to the District of Columbia Detention Facility where a technician employed by the Defendant Department of Corrections determined that Plaintiff was not the person who had the warrant in the WALES system via both Plaintiff's physical appearance when compared to the arrest photo and Plaintiff's fingerprints.

18. Despite knowing that the Plaintiff and the person who had the warrant were not one and the same, Defendant Department of Corrections continued to hold Defendant and did nothing to correct the problem.

19. Plaintiff was not told what he was charged with or what his bond status was. He also was not permitted to make a phone call to his family to advise them of his situation. This caused Plaintiff to suffer extreme emotional distress in the form of mental anguish,

paranoia, sleeplessness, headaches, nightmares, humiliation, and embarrassment.

20. When Plaintiff's wife attempted to locate Plaintiff, she was told by both Defendant United States Park Police and Defendant Department of Corrections that there was no record of Plaintiff being arrested.

21. Plaintiff remained in jail for approximately one week before he was able to phone advise his wife of his situation, whereupon she found out his bond status and paid his bond.

22. Plaintiff missed work during the period he was wrongfully and illegally incarcerated.

23. At a status hearing in the Superior Court of the District of Columbia, in the case captioned United States v. Naibeye Kounbaru, aka Nsimba Ngimbi, case number M-3951-04, the United States government through its Assistant United States Attorney, secured the serves of a fingerprint technician who determined that Plaintiff's fingerprints did not match those of the individual identified in the warrant.

24. Plaintiff, although not the person for whom the warrant was issued, and not the person against whom the case in Superior Court was instituted, was required to appear in court and defend said case. However, after the technician told the judge in the case that his fingerprints did not match those of the individual identified in the warrant, the court granted a dismissal of the "charges" against him.

25. As a direct and proximate result of the above described illegal actions of all the Defendants, Plaintiff sustained severe emotional distress, mental anguish, embarrassment, lost wages and out of pocket expenses.

## COUNT 1
Civil Rights Violation

26. Plaintiff adopts and incorporates paragraphs 1 through 25 as if fully set forth herein.

27. The above-described actions subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States, including but not limited to the Fourth Amendment and the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. Section 1983.

28. As a direct and proximate result of the Defendants' actions, Plaintiff sustained severe emotional distress, embarrassment, and lost wages.

29. The acts of the Defendants were intentional and malicious and Plaintiff suffered humiliation and emotional distress as previously stated entitling the Plaintiff to compensatory and punitive damages.

30. The Defendants United States Park Police and District of Columbia and District of Columbia Department of Corrections are responsible for the training supervision, education and policy of its agents, and as a result of inadequate policy, supervision and training, deprived Plaintiff the rights secured by the Fourth Amendment to be free from unreasonable search and seizure; Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from deprivation of liberty without due process of law.

Wherefore, Plaintiff seeks damages against the Defendants in the amount of $100,000 (one hundred thousand dollars), including attorneys costs and fees.

## COUNT 2
(False Arrest)

31. Plaintiff adopts and incorporates paragraphs 1 through 30 as if fully set forth herein.

32. Defendants falsely arrested Plaintiff when it became clear that he had no warrant for his arrest and yet continued to detain Plaintiff. The intentional and malicious acts, conduct and omissions of the Defendants stated above resulted in the false arrest of the Plaintiff.

Wherefore, Plaintiff seeks damages against the Defendants in the amount of $100,000 (one hundred thousand dollars), including attorneys costs and fees.

## COUNT 3
(False Imprisonment)

33. Plaintiff adopts and incorporates paragraphs 1 through 32 as if fully set forth herein.

34. Defendants falsely arrested Plaintiff when it became clear that he had no warrant for his arrest and yet continued to detain Plaintiff. The intentional and malicious acts, conduct and omissions of the Defendants stated above resulted in the false imprisonment of the Plaintiff.

Wherefore, Plaintiff seeks damages against the Defendants in the amount of $100,000 (one hundred thousand dollars), including attorneys costs and fees.

## COUNT 4
(Intentional Infliction of Emotional Distress)

35. Plaintiff adopts and incorporates paragraphs 1 through 34 as if fully set forth herein.

36. The Defendants, by the actions stated above, took actions that were intentional, reckless and in deliberate disregard of the high degree of probability that emotional distress would result to Plaintiff.

37. As a result of these action, Plaintiff suffered severe extreme emotional distress in the form of mental anguish, paranoia, sleeplessness, headaches, nightmares, humiliation, and embarrassment as the direct and proximate result of the actions, omissions and conduct described above.

Wherefore, Plaintiff seeks damages against the Defendants in the amount of $100,000 (one hundred thousand dollars), including attorneys costs and fees.

## COUNT 5
(Gross Negligence)

38. Plaintiff adopts and incorporates paragraphs 1 through 37 as if fully set forth herein.

39. Defendants owed Plaintiff a duty of care to release him once it was determined that he did not have a warrant for his arrest and therefore no basis for his detention.

40. In failing to release Plaintiff, Defendants breached that duty of care.

41. Plaintiff suffered extreme emotional distress in the form of mental anguish, paranoia, sleeplessness, headaches, nightmares, humiliation, and embarrassment as the direct and proximate result of the actions, omissions and conduct described above.

Wherefore, Plaintiff seeks damages against the Defendants in the amount of $100,000 (one hundred thousand dollars), including attorneys costs and fees.

## COUNT 6
(Negligent Infliction of Emotional Distress)

42. Plaintiff adopts and incorporates paragraphs 1 through 41 as if fully set forth herein.

43. The Defendants, by the actions stated above, took actions that were intentional, reckless and in deliberate disregard of the high degree of probability that emotional distress would result to Plaintiff.

44. As a result of these action, Plaintiff suffered severe mental anguish and distress.

Wherefore, Plaintiff seeks damages against the Defendants in the amount of $100,000 (one hundred thousand dollars), including attorneys costs and fees.

## COUNT 7
(Negligent Hiring and Supervision)

45. Plaintiff adopts and incorporates paragraphs 1 through 44 as if fully set forth herein.

46. Defendants United States of America, United States Park Police, and United States Department of Interior, were negligent in the hiring, training and supervising of Defendant Officer John Doe and its other employees which directly and proximately resulted in the aforementioned injuries to the Plaintiff.

47. Defendants District of Columbia and District of Columbia Department of Corrections were negligent in the hiring, training and supervising of their employees which directly and proximately resulted in the aforementioned injuries to the Plaintiff.

48. Defendants, Defendant Officer John Doe excluded, owed Plaintiff a duty of care to properly hire, train and supervise its employees. Defendants breached that duty when they failed to properly hire, train and supervise their employees.

49. Defendants, Defendant Doe excluded, specifically breached that duty of care when their employees continued to detain Plaintiff when it was clear that he had no warrant for his arrest.

Wherefore, Plaintiff seeks damages against the Defendants in the amount of $100,000 (one hundred thousand dollars), including attorneys costs and fees.

## COUNT 8
(Punitive Damages)

50. Plaintiff adopts and incorporates paragraphs 1 through 49 as if fully set forth herein.

51. Defendants' intentional, willful, wanton and malicious acts resulted in the unlawful detention of Plaintiff.

Wherefore, based on the foregoing, Plaintiff seeks punitive damages against the Defendants in

the amount of $300,000 (three hundred thousand dollars), plus attorneys fees.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues and claims.

Respectfully submitted,

*Donna Beasley*
Donna Beasley, #434441
419 Seventh Street, NW
Suite 401
Washington, DC 20004
(202) 393-7347
ATTYBEAS@AOL.COM

Counsel for Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

06-1901
JDB

## I (a) PLAINTIFFS
Naibeye Koumbaria

11001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington, DC
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Donna Beasley, Esq.
419 Seventh Street, NW
Suite 401
Washington, DC 20004

## DEFENDANTS
United States of America, ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

CASE NUMBER  1:06CV01901
JUDGE: John D. Bates
DECK TYPE: Civil Rights (non-employment)
DATE STAMP: 11/07/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○1 | ○1 | Incorporated or Principal Place of Business in This State | ○4 | ○4 |
| Citizen of Another State | ○2 | ○2 | Incorporated and Principal Place of Business in Another State | ○5 | ○5 |
| Citizen or Subject of a Foreign Country | ○3 | ○3 | Foreign Nation | ○6 | ○6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ⊗ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>⊗ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊗ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1331, 1343, 42 USC 1983

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:  YES ⊗  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐  If yes, please complete related case form.

DATE 11-2-06   SIGNATURE OF ATTORNEY OF RECORD  *Donna Beasley*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.