UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAIBEYE KOUMBARIA )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>    et.al., )<br>    Defendants. ) | Civil No.: 06-1901 (JDB) |

## FEDERAL DEFENDANT'S MOTION TO DISMISS

The Federal Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully moves this Court to dismiss the Complaint under Rule 12(b)(1) and 12(b)(6). Defendant is entitled to dismissal of this action and respectfully refers the Court to the accompanying memorandum of points and authorities and proposed order.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

Of Counsel:
Alton E. Woods, Assistant Solicitor,
Perri S. Rothemich, Attorney-Adviser
U.S. Department of the Interior
1849 C. Street N.W.
Washington, D.C. 20240

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NAIBEYE KOUMBARIA          )
                           )
    Plaintiff,             )
                           )    Civil No.: 06-1901 (JDB)
v.                         )
                           )
UNITED STATES OF AMERICA   )
        et.al.,            )
    Defendants.            )


**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF FEDERAL DEFENDANT'S MOTION TO DISMISS**

The Defendant, the United States of America, respectfully moves the Court to dismiss the instant Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Defendant submits that the Plaintiff has failed to file an administrative claim, depriving the court of jurisdiction of the claim.  Moreover, to the extent that plaintiff attempts to allege a constitutional claim against a U.S. Park Police Officer, Plaintiff fails to state a claim and, even if he did state a claim, Plaintiff has failed to identify or serve the individual U.S. Park Police Officer in his individual capacity.  Accordingly, Plaintiff's Complaint should be dismissed.

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed the instant civil action in this Court on November 7, 2006, naming the following as defendants in the case:  United States of America, United States Park Police, Department of the Interior; U.S. Park Police Officer John Doe; District of Columbia Department of Corrections; and District of Columbia.  No defendant was served within 120 days of the date of filing.  See Docket.  On March 7, 2007, plaintiff petitioned the court to re-issue summonses for the named defendants.  The motion was granted and the Court "further ordered that plaintiff shall effectuate service by not later than April 9, 2007."  Docket Minute Entry dated  March 8, 2007.

1

On April 6, 2007 the U.S. Attorney's Office for the District of Columbia was served. Docket Entry # 4. The United States Park Service was served on April 9, 2007. Docket Entry # 6. No service of Officer "John Doe" is reflected in the docket.

In his Complaint, Plaintiff alleges that on November 8, 2005 he was stopped by U.S. Park Police Officer "John Doe" for a traffic violation, and after the officer ran a WALES check, was arrested on an outstanding bench warrant. See, Complaint at ¶8-10. He alleges the warrant was issued against an individual of a different name, and that the U.S. Park Police Officer arrested him on a warrant the officer knew was for a different person. See, Complaint at ¶¶10, 12, 14. Plaintiff seeks $1,000,000.00 as compensation for civil rights violations, false arrest, false imprisonment, intentional infliction of emotional distress, gross negligence, negligent infliction of emotional distress, negligent hiring and supervision, and punitive damages. See, Complaint at 26-51. The Court lacks jurisdiction of this claim and the complainant fails to state a claim upon which relief should be granted.

## II.     DISCUSSION

### STANDARD OF REVIEW

A motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if plaintiff has not pleaded enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007); see also, Sparrow v. United Air Lines, Inc., 216 F. 3d 1111, 1117 (D.C. Cir. 2000). Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court may consider the complaint supplemented by undisputed

facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003).

## LACK OF SUBJECT MATTER JURISDICTION

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress. See, United States v. Testan, 424 U.S. 392, 399 (1976). The sovereign immunity of the United States protects it and its agencies from suit absent an express waiver. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic Village, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); United States v. Mitchell, 445 U.S. 535, 538 (1980); Information Sys. & Network Corp. v. United States Department of Heath & Human Servs., 970 F. Supp 1, 3 (D. D.C. 1997) ("Defendants, as federal agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted).

Sovereign immunity is jurisdictional. As the Supreme Court has recognized, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also, Alexander v. Americans United, Inc., 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting). When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA.[1] The FTCA authorizes district courts to hear suits against the United States:

> for money damages…for injury or loss of property, or personal injury
> or death caused by the negligent or wrongful act or omission of any

---

[1] To the extent that plaintiff alleges Constitutional violations by the United States or its agencies, sovereign immunity has not been waived for money damages claims based on constitutional violations. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).

3

>employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b); see also, Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir. 1995).

The FTCA mandates "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b) (emphasis added); Kubrick v. United States, 444 U.S. 111, 117-18 (1979) (noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended). Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original) (citing numerous cases). See also, Willis v. United States, 719 F.2d 608, 612 (2d Cir. 1983); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980).

The FTCA requires that Plaintiff file an administrative claim with the Department of the Interior or the U.S. Park Police before instituting this action. 28 U.S.C. §2401(b). Plaintiff did not do so prior to commencing this action. See Exhibit 1, Declaration of Perri S. Rothemich at ¶4. Accordingly, Plaintiff has failed to comply with the provisions of the Federal Tort Claims Act and this action should be dismissed for lack of subject matter jurisdiction. Kubrick, 444 U.S. at 117-18.

Complete exhaustion of plaintiff's administrative remedy is required before judicial process may be invoked. See McNeil v. United States, 508 U.S. 106, 112-113 (1993). Plaintiff's complaint may not be prematurely filed to linger in District Court to be later

"instituted" by receipt of a formal denial from the agency, and properly may be dismissed for having been filed prematurely. Id., Watkins v. Arlington County, 1997 WL 404878 (D.C. Cir. 1997).

Since plaintiff had not even filed a tort claim with the agency, any asserted claims against the United States in the District Court complaint should be dismissed as premature.

**CONCLUSION**

WHEREFORE, the Federal Defendant respectfully submits that this motion to dismiss should be granted.

Defendant also respectfully suggests that should the Court grant the federal defendant's motion, that no federal question will remain before the Court, because plaintiff has failed to complete service of process upon any other defendant as to which a federal claim is asserted.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

Of Counsel:
Alton E. Woods, Assistant Solicitor,
Perri S. Rothemich, Attorney-Adviser

5

U.S. Department of the Interior
1849 C. Street N.W.
Washington, D.C. 20240

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NAIBEYE KOUMBARIA )
)
    Plaintiff, )
) Civil No.: 06-1901 (JDB)
v. )
)
UNITED STATES OF AMERICA )
               et.al., )
    Defendants. )

## DECLARATION OF PERRI S. ROTHEMICH

I, Perri S. Rothemich, make this declaration in lieu of an affidavit pursuant to 28 U.S.C. §1746. I am aware that this declaration may be filed in the United States District Court for the District of Columbia, and that it is the legal equivalent of a statement under oath.

1. I am an Attorney-Advisor with the Division of General Law, Office of the Solicitor, United States Department of the Interior, 1849 C. Street N.W., Washington, D.C. 20242. I have been so employed since September 2003.

2. As part of my duties, I handle all administrative claims presented against the Department of the Interior and its Bureaus under the Federal Tort Claims Act, 28 U.S.C. §2671 et. seq.

3. For claims filed against the United States Park Police, I work in connection with a Claims Specialist for that Bureau. The Claims Specialist performs an initial investigation of each claim, and presents my office with a written report of his findings. Based in part on that report, I determine whether or not the claim is compensable under the Federal Tort Claims Act, and proceed either with payment or denial of the claim.

4. As of June 1, 2007, neither the United States Park Police nor the Office of the Solicitor received an administrative claim pursuant to the Federal Tort Claims Act from Mr. Naibeye Koumbaria for injuries allegedly sustained on November 8, 2005.

I declare under the penalty of perjury that the foregoing is true and correct based upon my knowledge, and based upon information provided by employees of the United States Department of the Interior and records maintained by that agency.

Executed on June 1, 2007

Perri S. Rothemich
Attorney-Advisor
Division of General Law
U.S. Department of the Interior
1849 C Street N.W., MS 7308
Washington, DC 20242

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NAIBEYE KOUMBARIA** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | Civil No.: 06-1901 (JDB) |
| **v.** ) | |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
|            **et.al.,** ) | |
|    **Defendants.** ) | |

ORDER

Upon consideration of the Federal Defendant's motion to dismiss, and the response thereto, it is hereby ORDERED, that the plaintiff's complaint as to the Federal Defendant is hereby DISMISSED.

Date: _____    _____
                                      UNITED STATES DISTRICT COURT JUDGE